UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00433-FDW-DCK

| | |
|---|---|
| MICHAEL EUGENE OWENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DILLARD'S INC., and HIGBEE )<br>LANCOMS, LP, )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, or in the alternative, Motion to Stay Pending Arbitration, and supporting Memorandum, (Docs. Nos. 20, 21) and Plaintiff's subsequent motions regarding arbitration. (Docs. Nos. 24, 26, 27). Having carefully considered the parties' motions, memoranda, and affidavits in support, the Court GRANTS Defendant's Alternative Motion to Stay Pending Arbitration.

## I. BACKGROUND

Plaintiff Michael Owens alleges Defendants, his employers, violated Title VII by terminating his employment based on his race.[1] (Doc. 14). In its Motion to Dismiss or Stay Pending Arbitration, Defendants Dillard's and Higbee Lancoms, LP (hereinafter "Dillard's") argue that arbitration is appropriate in this case, based on the arbitration agreement that Plaintiff signed as a condition of his employment at Dillard's. Plaintiff's contradictory motions make it difficult to ascertain his position on arbitration. From the facts presented in Defendant's memorandum (Doc. No. 28), it appears that Plaintiff attempted to initiate arbitration following

---

[1] Plaintiff initially alleged age discrimination as well, but his Second Amended Complaint alleges no claim for age discrimination.

1

his termination of employment. However, he states in his own motion that Dillard's has waived its right to arbitrate. (See Docs. Nos. 24, 26, 27). For the following reasons, the Court finds that arbitration is appropriate in this instant case.

## II. DISCUSSION

The Federal Arbitration Act, which governs the enforcement of arbitration agreements, "reflects a liberal federal policy favoring arbitration agreements." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002). Ambiguities regarding the scope of an arbitration clause are resolved in favor of arbitration. See id. According to Adkins,

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

Id. at 499-501.

### A.

In order to compel arbitration, "the court must first find that an arbitration agreement exists between the parties." Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001). If so, "the court must then decide whether the dispute at issue falls within the scope of the agreement." Id. In determining the validity of the agreement, courts apply state contract law. See id.; Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 686 (1996).

There is no dispute that North Carolina law controls Owens' employment contract, nor that the present dispute falls within the purview of the arbitration agreement. In North Carolina, a valid contract "requires offer, acceptance, consideration, and no defenses to formation." Koltis v. N.C. Dep't of Human Res., 480 S.E.2d 702, 704 (1997). Additionally, North Carolina "has a

2

strong public policy favoring the settlement of disputes by arbitration." Martin v. Vance, 514 S.E.2d 306, 309 (1999).

Here, neither Owens nor Dillard's have contested the formation of the arbitration agreement. Dillard's requires all employees to sign an arbitration agreement as a condition of employment. (Doc. No. 21). Owens does not deny that he signed such an agreement, nor does he raise any contract defenses, such as duress or unconscionability; he only contends that Dillard's waived the right to arbitrate under the contract (discussed infra). North Carolina courts have found that arbitration agreements in employment contracts do not fail for want of consideration when both parties are bound by the arbitration agreement, as is the case for Dillard's and Mr. Owens. See Martin, 514 S.E.2d. at 310-11. Therefore, the Court finds that a valid and enforceable agreement to arbitrate exists between Owens and his employers.

**B.**

Plaintiff states in several of his motions that Defendants have waived their right to arbitration by failing to provide him with the appropriate paperwork needed to initiate arbitration. (Docs. Nos. 24, 26, 27). Defendant disputes these facts and denies that it waived its right to arbitrate. (Doc. No. 28).

In order to waive its right to insist on arbitration, a party must "so substantially utiliz[e] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001). Again, it is not clear here whether Mr. Owens actually opposes a stay, but it is clear that Dillard's has not initiated litigation nor utilized litigation in such a way as to waive its right to compel arbitration. Mr. Owens filed the present action after he attempted to initiate arbitration, and in Defendant's

3

first response it asked the court to compel arbitration and stay the litigation. As such, the Court finds no waiver.

Because a valid arbitration agreement exists between the parties and no waiver has been found, Defendants' Alternative Motion to Stay Pending Arbitration is GRANTED while its Motion to Dismiss is DENIED. Plaintiff's motions and the arguments found therein are referred to the appropriate body of arbitration. The parties are ORDERED to proceed to arbitration and submit reports to the Court every ninety (90) days. The dispute must be resolved within six (6) months from the date of the Order. Failure to do so will result in Court action.

IT IS SO ORDERED.

Signed: November 19, 2014

Frank D. Whitney
Chief United States District Judge