UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00433-FDW-DCK

| | | |
|---|---|---|
| MICHAEL EUGENE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DILLARDS | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon both Parties' filing of status reports (Docs. Nos. 32 and 33).  Plaintiff is a former employee of Defendant and brought this action alleging race and age discrimination under Title VII of the Civil Rights Act of 1964 arising out of the termination of his employment with Dillard's Department Store in Charlotte, North Carolina. Previously, this Court granted Defendant's Motion to Stay Pending Arbitration.  By doing so, the Court enforced the arbitration provision found in Plaintiff's employment contract.  Since that order, the Parties have not yet engaged in arbitration because Plaintiff has not paid the $100.00 filing fee required under Defendant's rules of arbitration.  (Doc. No. 33).  However, this Court has already found that Plaintiff did not have sufficient funds to pay the initial court filing fee, and permitted Plaintiff to proceed *in forma pauperis* in the case.  It would now be inconsistent and could raise issues of due process for the Court to preclude Plaintiff from arbitration because of another monetary encumbrance.   As such, the Court finds that it is the responsibility of Defendant to pay the $100 arbitration fee.  If Plaintiff succeeds in arbitration, the $100 fee will be netted against his arbitration award.   The Parties are hereby ordered to proceed with arbitration.

IT IS SO ORDERED.

Signed: February 24, 2015

Frank D. Whitney
Chief United States District Judge