# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:14-cv-00433-FDW-DCK

| | |
|---|---|
| MICHAEL EUGENE OWENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DILLARD'S INC., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court upon the filing of Plaintiff's Final Status Report. (Doc. No. 46). Out of an abundance of caution, the Court elected to construe *pro se* Plaintiff's filing as a Motion to set aside the award rendered in a Court ordered arbitration proceeding. (See Doc. No. 47-1). The Court ordered responsive pleadings to Plaintiff's "Motion" if no Joint Stipulation of Dismissal could be obtained following the arbitrator's award. (Doc. No. 48). Plaintiff and Defendant filed their respective briefs, and this matter is now ripe. (Doc. Nos. 59; 62). For the reasons below, Plaintiff's Motion is **DENIED**.

### 1. LEGAL STANDARD

The goal of arbitration is to serve as an efficient, cost-saving, dispute resolution mechanism. See Remmy v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994). To avoid frustration of this goal, the Federal Arbitration Act (the "FAA") restricts judicial review of an arbitrator's award to an exceptionally narrow scope. See Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 586 (2008); U.S. Postal Serv. v. Am. Postal Workers Union, 204 F.3d 523, 527 (4th Cir. 2000); Three S Delaware, Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007). Indeed, the scope of such review is "among the narrowest known at law." Union Pac. R.R. v. Sheenan,

439 U.S. 89, 91 (1978). Reviewing courts sit to "determine only whether the arbitrator did his job – not whether he did it well, correctly, or reasonably, but simply whether he did it." U.S. Postal Serv., 204 F.3d at 527.

Generally, a federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the FAA. 9 U.S.C. § 9. In addition to these statutory grounds, the Fourth Circuit has indicated that "certain limited common law grounds" for vacating an award exist. Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 243 (4th Cir. 2006). As explicated by the Fourth Circuit, an award that "fails to draw its essence from the contract, or . . . evidences a manifest disregard of the law" would be properly vacated upon common law grounds. Id. However, the existence of any such purported extra-statutory grounds for vacatur is currently in serious doubt.[1] See Hall Street, 552 U.S at 576, 578, 584-85 & 587 (finding that § 9 contains no "hint of flexibility"); see also Raymond James Fin. Servs., Inc. v. Bishop, 596 F.3d 183, 193 n. 13 (4th Cir. 2010) (recognizing that in the wake of Hall Street considerable uncertainty exists "as to the continuing viability of extra-statutory grounds for vacating arbitration awards").

In sum, the movant must meet "the heavy burden of showing one of the grounds specified" in the FAA before a federal court may vacate an arbitration award. Three S Delaware, 492 F.3d at 527. The FAA provides that vacatur is appropriate only: (1) where the award was procured by corruption, fraud, or undue means; (2) where the was evident partiality or corruption in the arbitrator(s); (3) where the arbitrator(s) was guilty of certain misconduct prejudicing the rights of any party; or (4) where the arbitrator(s) exceeded his or her powers, or so imperfectly executed

---

[1] In any event, the Court cannot discern an assertion of any common law justification for vacating the arbitrator's award in Plaintiff's often inane filings. Therefore, the Court deems common law grounds, to the extent they exist, for vacatur as waived and will not discuss them further.

them that a mutual, final, and definite award upon the subject matter submitted was not made. See 9 U.S.C. § 10.

## 2. DISCUSSION

On March 16, 2016, Arbitrator David Brill (the "arbitrator") released his Arbitration Award in the matter between Plaintiff and Defendant following an arbitration hearing conducted before the same on March 9, 2016. (Doc. No. 47-1). The award contained findings of fact, conclusions of law, and ultimately an award in favor of Defendant. Specifically, the arbitrator dismissed Plaintiff's Race Discrimination claim at summary judgment and found that Plaintiff failed to establish a *prima facie* case for his remaining claim of Age Discrimination. Id. at 2. Moreover, the arbitrator found that the Defendant successfully proved that its stated grounds for Plaintiff's termination—unauthorized price adjustments and "bartering"—were not pretextual. Id. at 3.

Upon initial review, the Court found these findings and conclusions to be wholly consistent with the applicable law and circumstances of this case. Recognizing the gravity of Plaintiff's claims and that *pro se* filings are to be construed liberally, however, the Court Ordered that Plaintiff's Final Status Report be deemed a Motion to Set Aside. (Doc. No. 48). In the three week period since the Court's Order, Plaintiff has plastered the docket with fifteen filings, many of which are nonsensical personal letters to the Court (Doc Nos. 51-58, 60-64).[2]

It is apparent from these documents that Plaintiff fails to distinguish between the merits of the matter and the showing now required of him if the Court is to set aside the arbitrator's award. What is not apparent, either from Plaintiff's filings or the record in its entirety, is any

---

[2] The Court notes that this is not inconsistent with Plaintiff's behavior during past litigation in this district. Plaintiff filed three other lawsuits in this district alone within the past year that were all dismissed as frivolous. See 3:15-cv-39; 3:15-cv-102; 3:15-cv-339.

3

evidence that would tend to support setting aside the arbitrator's award. There is neither evidence nor intelligible allegations of corruption, fraud, or partiality in the arbitrator. 9 U.S.C. § 10(1)-(2). Nor is there any evidence whatsoever that the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(4). To the contrary, and as stated above, the arbitrator recited the correct legal standard and applied it appropriately to the facts of this case. In doing so, the arbitrator definitively resolved Plaintiff's claims.

The only remaining ground upon which the award can be set aside is if the arbitrator is guilty of some misconduct that prejudiced Plaintiff's rights. 9 U.S.C. § 10(3). Again, Plaintiff's allegations and the supporting documents he has submitted plainly fail to establish this ground. The record establishes that many of Plaintiff's representations that tend to implicate § 10(3) are simply false.

First, Plaintiff claims that the affidavit of Mr. Paul Close was "denied." (Doc. No. 62, p. 2). In fact, Mr. Close's affidavit was admitted into evidence during arbitration over Defendant's objection. (Doc. No. 59-1, pp. 66:14-68:22). Second, Plaintiff contends that Mr. Close and Mr. Paul "Roy" Pagan were "no show[s]" at the arbitration hearing. The record establishes, however, that Plaintiff was fully aware that neither Mr. Close nor Mr. Pagan would attend the hearing. (Id. at p. 41;1-42:16). Indeed, Plaintiff was the party who told Mr. Pagan that his attendance was not required at the hearing. (Id. at 42:6-42:-14). Plaintiff did not attempt to continue to the hearing, instead electing to present and rest his case. (Id. at 42:15-42;18; 210:23-211:2). Last, Plaintiff indicates that Ms. Hilda Casabo was also a "no show." Defendant's response makes clear, however, that Ms. Casabo was actually present the day of the hearing. (Doc. No. 59, p. 10). The record is devoid of any indication that Plaintiff ever called Ms. Casabo as a witness. (See Doc.

No. 59-1, 42:15-42:16). None of these instances implicate any misconduct or wrongdoing on the part of the arbitrator. Accordingly, no grounds for setting aside the arbitrator's award exist.

### 3. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Set Aside (Doc. No. 46) is **DENIED.**

**IT IS FURTHER ORDERED** that the Arbitrator's Award (Doc. No. 47-1) is **CONFIRMED.**

**IT IS SO ORDERED.**

The Clerk of Court is respectfully directed to close this civil case.

Signed: April 13, 2016

Frank D. Whitney
Chief United States District Judge